16 F.3d 401
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Salvatore A. CIMORELLI, Plaintiff, Appellant,
v.
GENERAL ELECTRIC COMPANY, Defendant, Appellee.
 No. 93-1549.
 United States Court of Appeals,
First Circuit.
 February 4, 1994
 
 Appeal from the United States District Court for the District of Massachusetts
 Evan T. Lawson with whom Caroline E. DeStefano and Lawson & Weitzen were on brief for appellant.
 Steven A. Kaufman with whom Clayton S. Marsh and Ropes & Gray were on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Cyr, Circuit Judge, Bownes, Senior Circuit Judge, and Boudin, Circuit Judge.
 Per Curiam.
 
 
 1
 Salvatore Cimorelli, a long-time former employee of General Electric Company, brought suit against GE in 1989 under the False Claims Act, 31 U.S.C. Secs. 3729-33. The gist of Cimorelli's complaint was that at GE aircraft engine operations in Lynn, Massachusetts, GE employees had altered pencilled labor records in order to shift labor charges from government contracts that were over budget to government contracts that were under budget. Similar alterations were charged with respect to steam turbines made by GE in Lynn. Cimorelli claimed that the alterations had occurred from the early 1970s until around 1985.
 
 
 2
 The False Claims Act imposes civil penalties plus treble damages for inter alia presenting a false or fraudulent claim to the federal government or using a false record or statement to obtain payment or approval of a false or fraudulent claim. Id. Sec. 3729(a). False Claims Act suits may be brought by private parties on behalf of the United States, although government attorneys may take charge of the litigation if the government so chooses. Id. Sec. 3730(b). Here, after reviewing the litigation, the federal government declined to participate. Accordingly, the suit has been conducted by Cimorelli who, if any recovery were obtained, would share in it to the extent provided by the False Claims Act. Id. Sec. 3730(c).
 
 
 3
 The district court in December 1991 set a deadline for discovery of May 29, 1992. Extensive discovery was conducted by Cimorelli during the first half of 1992. GE says, without dispute from Cimorelli, that it produced a vast number of labor vouchers and other records. On the day the discovery ended, Cimorelli filed various motions accusing GE of hindering discovery. The motions were referred to a magistrate judge who denied them in June 1992, and the district court affirmed the magistrate judge in July 1992. New discovery motions made by Cimorelli in August 1992 were denied by the district court in September 1992.
 
 
 4
 In July 1992 GE moved for summary judgment, arguing among other points that there was no evidence of any false claim against the government, normally a critical element in a suit under the False Claims Act. See United States v. McNinch, 356 U.S. 595, 598-600 (1958). In addition to seeking further discovery, Cimorelli opposed summary judgment, relying centrally on deposition testimony of Christy Chipouras, another former employee of GE at the Lynn facility. Chipouras had given deposition testimony, described below, and was apparently promised a share of whatever reward Cimorelli might obtain.
 
 
 5
 On April 9, 1993, the district court granted GE's motion for summary judgment and issued a memorandum setting forth the court's reasons. The district court found that
 
 
 6
 Chipouras' testimony was "largely conclusory, and fails to identify specific incidents of voucher falsification which can be linked to false claims against the government." Accordingly, the court found that there would be insufficient evidence to submit the case to a jury even on the premise, which the court tentatively adopted, that Cimorelli need prove his case only by a preponderance of the evidence (as opposed to clear and convincing evidence). Cimorelli now appeals the grant of summary judgment and the district court's refusal to allow further discovery.
 
 
 7
 Reserving the discovery issue for later discussion, the propriety of summary judgment turns on whether Cimorelli pointed the district court to sufficient evidence to permit a reasonable jury to find that a false or fraudulent claim was presented to the federal government relating to the Lynn aircraft engine or turbine operations. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Appellate review of the grant of summary judgment is plenary. Sarit v. U.S. Drug Enforcement Admin., 987 F.2d 10, 13 (1st Cir.), cert. denied, 114 S.Ct. 241 (1993). Inferences are normally drawn in favor of the party opposing summary judgment. Id. On the other hand, more than mere suspicion or speculation is required to justify a trial. See Liberty Lobby, 477 U.S. at 249-50.
 
 
 8
 In this instance, Chipouras testified in general terms that GE systematically charged labor costs to government contracts when the labor had been expended on other government contracts. This was accomplished in part, he said, by having labor vouchers initially completed in pencil and then having them altered by other personnel, including Chipouras. He could remember only one specific mischarged contract-a case in which time on a private contract was charged instead to a federal government contract number-but he said that alterations were widespread and systematic.
 
 
 9
 GE offered various benign explanations for preparing labor vouchers initially in pencil and making later alterations. We agree with Cimorelli that, if this issue were dispositive, choosing between explanations might well be an issue for a jury. However, we agree with GE and the district court that whatever the explanation for pencilled labor vouchers and later alterations, there is no evidence whatever that any false or fraudulent claims were actually presented to the government. Although Cimorelli charged pervasive fraud and conducted extensive discovery, Cimorelli was unable to point to proof of a single instance in which a false or fraudulent claim was actually presented to the federal government.
 
 
 10
 Perhaps where a contractor's record-keeping conduct is unambiguously sinister, an inference might be drawn that the misconduct must have been translated into fraud. But in this instance the objective conduct-namely, changes in pencilled records-is ambiguous, despite the conclusory epithets offered by Chipouras. Under these circumstances and on this record, we agree that there was inadequate evidence for a jury as to at least one critical element, namely, the actual submission of false or fraudulent claims to the government. We do not reach GE's further contentions that clear and convincing evidence was the required standard of proof or that Chipouras' testimony should be disregarded entirely because it was improperly purchased.
 
 
 11
 Cimorelli counters the claim that evidence is lacking by arguing that a negative inference should be drawn against GE because it engaged in "suppression" of evidence during discovery, and Cimorelli further argues that the district court abused its discretion in failing to permit further discovery and failing to hold an evidentiary hearing on contested issues concerning GE's alleged discovery misconduct. Cimorelli's opening brief included specific claims that GE did not produce certain information requested by Cimorelli and specific claims that GE deliberately removed items sought by Cimorelli from boxes of materials actually produced.
 
 
 12
 We think it unnecessary to discuss these allegations in detail. In its answering brief, GE offered an extremely detailed refutation of these allegations, taking them one by one. In answer to each one, it pointed to record materials to support its version of events. For the most part, GE said that the specific materials sought (1) were actually produced by GE but overlooked by Cimorelli or (2) were nonresponsive materials that did not have to be produced. GE responded in similar detail to other allegations by Cimorelli concerning supposed problems with the logistics of discovery.
 
 
 13
 On the face of this facially thorough refutation by GE, we turned to Cimorelli's reply brief naturally expecting that it would show where GE's version of events was wrong or at least that factual disputes existed as to some, if not all, of the GE explanations. Instead, the reply brief simply ignored GE's detailed answers and confined itself to discussing the standard of proof on the merits and the admissibility of the Chipouras' allegedly purchased testimony. If Cimorelli is not prepared to dispute GE's answering brief by pointing out where it is wrong on the discovery issues, we are certainly not going to undertake that task ourselves. Cf. United States v. Innamorati, 996 F.2d 456, 468 (1st Cir. 1993) (issues not briefed will not be addressed).
 
 
 14
 Two further facts reinforce our sense that Cimorelli has not been unjustly treated in relation to discovery. One is that there is no indication that Cimorelli sought any extension of the discovery deadline until the day that the discovery period expired. The second is that despite the present claim that an evidentiary hearing should have been held to resolve disputes pertaining to discovery, it appears that Cimorelli never made such a request for an evidentiary hearing to the district court. In sum, we have no basis for finding that the district court abused its considerable discretion in the management of discovery in this case.
 
 
 15
 Affirmed.